## DIXON v. NATIONAL LIFE & ACCIDENT INS. CO., Inc.

### No. 14193.

Court of Appeal of Louisiana. Orleans.

June 27, 1932.

Wm. A. Green, of New Orleans, for appellant.

Solomon S. Goldman, of New Orleans, for appellee.

HIGGINS, J.

Plaintiff sued the defendant, an accident insurance company, to recover 8 weeks' disability benefits at the rate of $7 per week, and

also double indemnity and attorney's fees under Act No. 310 of 1910, alleging that defendant deferred payment of the claim more than 30 days from written notice and proof of claim, in the form of the attending physician's certificate, without any just or reasonable ground.

Defendant admitted the indebtedness of $56, and placed the money in the registry of the court, but denied that it had arbitrarily, illegally, and without just cause or reason failed to pay the claim, and averred that the delay was entirely due to the plaintiff's fault in furnishing incorrect addresses on the claim blanks filed by him with the company.

There was judgment in favor of the plaintiff in the sum of $56, with legal interest thereon up to the date the money was deposited in the registry of the court, to wit, February 18, 1932, and for costs of court, reserving plaintiff's right to sue for any further claims for disability. Plaintiff has appealed.

The sole issue before us is whether or not the trial court was correct in declining to allow attorney's fees and double indemnity under the provisions of Act No. 310 of 1910.

The relevant part of the statute found in section 2 thereof reads as follows: "That payment by such companies to the assured shall not be delayed for a longer period than thirty days from due notice and proof of disability, without just and reasonable grounds such as to put a reasonable and prudent business man on his guard." Section 2.

The record shows that plaintiff sustained a severe injury to his right knee on December 10, 1930, while working for his employer, and was awarded compensation by Division D of the civil district court for permanent disability. Plaintiff also carried an accident insurance policy which provided that he was not to be paid more than 26 weeks' disability benefits in any one year. The defendant insurance company paid the 26 weeks' benefits for the year of 1931. Further disability benefits became due under the terms of the policy during December, 1931, and plaintiff went to his doctor, who had treated him for the injury and who had filled out previous disability blanks for the company, in order to have him fill out new forms. The doctor's secretary gave plaintiff's address as 2700 Cadiz street, which was the address given in all previous forms for the year 1931. This address was erroneous, because plaintiff had moved and had failed to notify the doctor thereof. Later the plaintiff went to the doctor's office and gave his address as 1819 S. Liberty street, but the secretary erroneously wrote the number as 1918 S. Liberty street, with the result that four of the weekly claim certificates contained the wrong address. The claim adjuster and assistant manager of the company

testified that they made a number of visits to the erroneous addresses given on the claim blanks, but were unable to locate plaintiff in order to examine him to ascertain if he was entitled to further benefits. After making several endeavors to locate him, the adjuster was successful and certified that the claim should be paid. Within 10 days from the time the plaintiff was located, the company, on the instructions of plaintiff, tendered payment to the attorney for plaintiff of the amount of the claim, but the attorney insisted that the company also pay the costs of court and a reasonable attorney fee, because he had filed suit in the meantime, on January 28, 1932. The company declined to do this. The case was tried and resulted in a judgment as we have above stated.

Under the above statement of facts, we feel that the company did not delay longer than 30 days from the written notice and proof of disability to the company by the attending physician, without just and reasonable cause, in tendering payment of the amount due plaintiff. But counsel for the plaintiff insists that, as he wrote defendant company a letter on December 16, 1931, requesting the blank forms for the purpose of having them filled out, in order to make the claims for disability, when the company's representative failed to find the plaintiff at the address given, the representative should have called upon him to furnish the correct address. The assistant manager explained that the reason why he did not ring up the attorney was because he believed that, if the doctor had an erroneous address, so would the attorney, and further that his idea in wanting to see the plaintiff in person was for the purpose of examining him to determine if he was still disabled and entitled to further benefits.

We feel that the assistant manager's position was not arbitrary or unreasonable because the plaintiff had not only furnished an erroneous address on the first and second blanks, but also on the following four blanks. While it is true that plaintiff did not personally make the mistake, nevertheless his doctor's secretary was responsible for it, and this error cannot be imputed to defendant. The company had a right to examine plaintiff before paying his claim, and also had a right to depend upon the plaintiff furnishing the company with his correct address. Failure to do so is entirely the fault of the plaintiff, and for this reason we do not feel that defendant company acted unreasonably or unjustly in withholding payment until such time as plaintiff could be located and examined.

For the reasons assigned, the judgment appealed from is affirmed; appellee to pay the costs of both courts.

Affirmed.